Mississippi Cent. R. R. Co., et al. *v.* Ratcliff, et al.

June 9, 1952.

No. 38446 (59 So. (2d) 311)

Hannah, Simrall & Aultman, for appellants.

Laub, Adams, Forman & Truly, for appellees.

**Holmes, J.**

This suit involves the construction of a deed executed by Alice Ratcliff and her husband, C. N. Ratcliff, to Natchez & Eastern Railway Company on March 5, 1907, reading as follows:

"For and in consideration of the sum of six hundred and fifty-six dollars and eighty cents ($656.80) to us cash in hand paid by the Natchez & Eastern Railway Company, a corporation existing under and by virtue of the laws of the State of Mississippi, the receipt whereof is hereby acknowledged, we do hereby Bargain, Sell, Convey and Warrant unto the said Natchez & Eastern Railway Company, its successors and assigns, the following described seven pieces or parcels of land, lying, being and situated in the County of Adams, State of Mississippi, and more particularly described as follows:

"1. Beginning at a point on the Natchez & Eastern Railway center line which is the S. E. corner of the plantation known as 'Magnolia Hill' and the N. E. corner of the 'Sandy Creek' plantation and extending Easterly along the 'old grade' for a distance of 3165 feet, a strip of land 100 feet wide, 50 feet on either side of the present located center line of the Natchez & Eastern Railway.

"The above described tract or right of way containing 7.26 acres, more or less.

"2. Beginning at a point on the Natchez & Eastern center line, which is three feet to the South of the corner of the C. N. Ratcliff, Geo. Riley and Jack

Springs property and extending Westerly along the 'old grade' through the 'Riley Place' for a distance of 1840 feet a strip of land 100 feet wide, fifty feet either side of the present located center line of the Natchez & Eastern Railway.

"The above described tract or right of way containing 4.14 acres, more or less.

"3. Beginning at a point 150 feet to the North of a point on the present located center line of the Natchez & Western Railroad, which is 475 feet to the East of the S. E. corner of the plantation known as 'Magnolia Hill', and extending Easterly through the 'Sunnyside' plantation for a distance of 475 feet; thence South for a distance of 50 feet; thence East for a distance of 300 feet; thence South for a distance of 50 feet; thence Westerly for a distance of 775 feet; thence North 100 feet to place of beginning.

"The above described tract or right of way contain 1.52 acres, more or less.

"4. Beginning at a point 100 feet to the North at a point on the present located center line of the Natchez & Eastern Railroad, which is 400 feet to the West of a point on the above center line which is 10 feet to the North of the N. E. corner of the Jack Spring property and extending Easterly through the 'Sandy Creek' plantation for a distance of 1450 feet; thence South for a distance of 50 feet; thence westerly for 1450 feet; thence North for 50 feet to place of beginning. The above described tract or right of way containing 1.66 acres, more or less.

"5. Beginning at a point 125 feet to the North of a point on the present located center line of the Natchez & Eastern Railroad, which is 2600 feet to the East of a point 10 feet to the north of the N. E. corner of the Jack Spring property and extending Easterly through the 'Sandy Creek' plantation for a distance of 900 feet; thence South for a distance of

75 feet; thence Westerly for a distance of 900 feet; thence north 75 feet to place of beginning.

"The above described tract or right of way containing 1.54 acres, more or less.

"6. Beginning at a point 80 feet to the North of a point on the present located center line, which is 80 feet to the East of a point 3 feet to the South of the corner of the C. N. Ratcliff, Geo. Riley and Jack Spring property, and extending Westerly through the 'Sandy Creek' plantation for a distance of 300 feet; thence South 30 feet; thence East 300 feet; thence North 30 feet to place of beginning.

"The above described tract or right of way containing 20 acres, more or less.

"7. Beginning at a point 80 feet to the North of a point on the present located center of the Natchez & Eastern Railroad which is 360 feet to the East of J. D. Cranfield's N. E. corner, and extending Easterly through the 'Sandy Creek' plantation for a distance of 300 feet; thence South 30 feet; thence West 300 feet; thence North 30 feet to place of beginning.

"The above described tract or right of way containing .20 acres, more or less.

"In witness whereof, we have hereunto set our hands this the 5th day of March, A. D., 1907.

"(Signed): C. N. Ratcliff
Alice Ratcliff"

"State of Mississippi,
"County of Adams.

"This day personally appeared before the undersigned officer, authorized by the laws of the State of Mississippi, to administer oaths and take acknowledgments to deeds of conveyances, the above signed C. N. Ratcliff and Alice Ratcliff, his wife, who acknowledged that they had signed and delivered the foregoing deed of conveyance to the grantee therein named on the day and year therein mentioned as their own voluntary act and deed.

"Witness my official hand this the 5th day of March, A. D. 1907.

John F. Jenkins, Clerk

By Walter McCrra, D. C."

The suit was originally brought by Mrs. Ratcliff, who with her husband executed the aforesaid deed, in the Chancery Court of Adams County against Mississippi Central Railroad Company and the California Company. Mrs. Ratcliff died during the pendency of the suit and the cause was revived in the name of her executor, Charles Everette Ratcliff. By an amendment to the original bill, the Scranton Lackawanna Trust Company, trustee, was also named as a defendant to the action.

Mrs. Ratcliff alleged that she was the owner in fee of the lands described as Parcels 1 and 3 in the aforesaid deed, subject to an easement or right of way vested in the Mississippi Central Railroad Company; that the Mississippi Central Railroad Company, as the successor to Natchez & Eastern Railway Company, was claiming the fee-simple title to said lands under and by virtue of the aforesaid deed; that the California Company was claiming mineral interests in said lands under and by virtue of an oil and gas lease executed to it thereon by the Mississippi Central Railroad Company; that the Scranton Lackawanna Trust Company, trustee, was asserting a bond mortgage on said lands. The bill prayed the cancellation of the respective claims of the defendants as a cloud upon the title asserted by the complainant, and sought an accounting from the California Company with respect to oil royalties. Demurrers to the bill were overruled and the defendants answered, and upon the conclusion of the evidence the chancellor rendered a decree, construing the deed in question to convey only an easement or right of way over the lands therein described, and granting the prayer of the original bill.

The proof is undisputed. The original deed introduced in evidence bore the following endorsement on the back thereof in unidentified handwriting: "C. N. Ratcliff et

ux to Natchez & Eastern R. R.—Deeds to Rights of Way''. Attached was a sheet which appears to have been a part of the voucher issued for the purchase money and on which was typed by some unidentified person the following: ''C. N. Ratcliff & wife to Natchez and Eastern Ry. Co.—right of way''. Upon obtaining the deed the Railroad Company constructed its railroad on the lands, excavating to a depth of fifteen or twenty feet where necessary for its purposes, building fills and erecting telegraph poles and whistling posts thereon, and executed bond mortgages under a general description which included this and other lands, and paid taxes thereon pursuant to an assessment under a general description which included this and other lands. The Mississippi Central Railroad Company, as the successor of the Natchez & Eastern Railway Company, became vested with all of the right and title of the Natchez & Eastern Railway Company under the aforesaid deed. In August, 1941, Mrs. Ratcliff executed to the California Company an oil, gas and mineral lease on the lands, and on June 27, 1943, the Mississippi Central Railroad Company executed to the California Company an oil, gas and mineral lease on said lands. This suit to have the deed construed as a conveyance of only an easement or right of way was filed on December 7, 1950.

It is the contention of the appellant that the deed conveyed an estate in fee simple and that the chancellor erred in construing the deed to convey only an easement or right of way. We concur in this contention. Section 2435 of the Mississippi Code of 1892, which was re-enacted as Section 2764 of the Mississippi Code of 1906, and successively re-enacted in our subsequent Codes, provides as follows: ''Every estate in lands granted, conveyed, or devised, although the words deemed necessary by the common law to transfer an estate of inheritance be not added, shall be deemed a fee-simple if a less estate be not limited by express words, or

unless it clearly appears from the conveyance or will that a less estate was intended to be passed thereby.''

The deed is in the usual form of a general warranty deed. Its granting clause conforms to the form of conveyance prescribed by Section 2816 of the Mississippi Code of 1906 in effect at the time the deed was executed, and in plain and unambiguous language conveys an estate in fee simple.

In 74 C. J. S., Railroads, § 84, pages 474 and 475, it is said as follows: ''A grant or conveyance to a railroad company which has power to acquire by purchase such real estate as may be necessary for the construction and operation of its road, and to take a fee-simple title thereto, will be held to convey a fee-simple title in the land and not a mere easement where such appears to be the intention of the parties as gathered from the entire instrument, particularly where the conveyance is in the usual form of a general warranty d e e d, or quitclaim deed, without any words of limitation or restriction and without purporting to convey merely a right of way; or where the only reservation made is the use of the granted premises by the grantor for ingress and egress to and from adjoining lands. This rule is particularly applicable under a statutory provision that every estate in land conveyed shall be deemed an estate in fee simple unless limited by express words.''

Appellee, however, places much emphasis upon the recital in the deed following the metes and bounds description of each parcel of land, which omitting the number of acres, reads: ''The above described tract or right of way containing —— acres, more or less''. It is argued by appellee that this recital manifests an intention to convey only a right of way. We do not think this position is tenable. The recital clearly has no purpose to do more than designate the quantity of land embraced in each tract. The words ''right of way'' following the word ''tract'' were manifestly used as synonymous with tract. In view of the position of the

words, it certainly can not be said that it was the clear intention to use the word ''tract'' as synonymous with ''right of way''. ██ ██ If, however, importance is to be attached to the use of the words ''right of way'' in the recital clause, the most that could be said is that it creates a repugnant and irreconcilable conflict between the granting clause and the recital clause, in which situation the granting clause controls. ''Relatively to the granting clause, recitals in a deed stand in much the same position as the habendum—that is, the granting clause, if clear and specific, will prevail over recitals, whether such recitals precede or succeed the granting clause.'' 16 Am. Jur., page 575, Section 241. It is universally conceded that where the granting clause and the habendum are so repugnant to each as not to be susceptible of any reasonable reconciliation, the granting clause will prevail. 16 Am. Jur., page 567.

In the case of Robinson v. Payne, 58 Miss. 690, this Court held that the fee conveyed by the granting clause can not be converted into a life estate by the habendum, the Court saying: ''This seems plainly an attempt to convert the absolute fee conveyed by the granting clause into a life-estate by the habendum, which cannot be done. From the earliest times the decisions are uniform that where there is a clear and manifest repugnance between the premise and the habendum clauses of a deed, the former must prevail; and the doctrine is no less well recognized and maintained now than in the days of Coke and Sir Matthew Hale.''

Appellee further argues that the endorsement of the words ''deed to rights of way'' on the back of the deed, and the typed notation ''right of way'' on the voucher sheet, manifest a clear intention to convey a right of way only. We do not think so. It is not shown by whom these notations were made, whether by the recording clerk or some clerical employee. These notations are definitely no part of the deed itself. They constitute no part of the granting clause, nor of an habendum, and if

they are to be considered recitals, they are repugnant to the granting clause and the granting clause controls. ██ ██ The mere fact that a deed may be entitled "right of way", or that the term "right of way" is employed in a recital clause, is not sufficient to convert the absolute fee conveyed by the granting clause into an easement. In 74 C. J. S., Railroads, Sec. 84, page 475, it is said as follows: "If the conveyance is in the form of a general warranty deed, or otherwise shows an intention to convey a fee-simple title, it will be so construed, although the instrument is entitled 'deed of right of way,' or employs the term 'right of way' in describing the property conveyed, or states that the conveyance is for railroad purposes only."

In 44 Am. Jur., page 317, it is said as follows: "In instances, however, involving the construction of deeds granting 'land' rather than a 'right', the result has been reached that the fact that the deed contained additional language embodying some reference to a 'right of way' did not operate to limit the estate conveyed or to cut it down from a title in fee to an easement. A deed which was in every detail a general warranty deed, containing no reference to right of way in either the granting or habendum clause, although the latter clause contained a recitation that the grantor also conveyed to the company 'such earth, material, timber and rock as may be found on my lands herein mentioned,' followed by the words 'and granted herein as right of way', which were interlined on the printed deed in handwriting, was construed to pass a fee simple estate rather than an easement."

██ ██ Appellee says further that the railroad company has used the land only for a right of way, thus construing the conveyance as one of an easement only. We do not think that the proof supports the view that the lands have been used for right of way purposes only, but if it did, we think this would be immaterial if a fee-simple estate was conveyed by the deed. The Court, in

the case of Kynerd v. Hulen, 5 Cir., 5 F. (2d) 160, 161, in a well-reasoned opinion dealing with facts analogous to the case at bar, said: "If a fee-simple estate be acquired, it is immaterial that the land so held in extent and area constitutes the right of way or that it is so used."

We recognize the modern trend of authorities that the intention of the parties is controlling if it can be clearly gathered from the entire instrument, but we also recognize the principle that in construing a deed to determine whether it conveys a fee or a less estate, if the language of the deed is ambiguous and uncertain as to the estate intended to be conveyed, it will be construed to pass a fee rather than a less estate. 26 C. J. S., Deeds, Sec. 109, page 339. We are of the opinion that there is no uncertainity or ambiguity in the language of the deed before us. It is a full warranty deed. The granting clause described land and not an easement and by its plain language vested an estate in fee simple in the grantee. If the language of the deed could be said to be ambiguous or uncertain as to the estate intended to be conveyed, it would follow under well-recognized rules of construction that it should be construed to pass a fee rather than a less estate.

 We are unable to concur in appellee's contention that the railroad company was incapable of acquiring a fee-simple estate in the lands, and this without regard to whether or not the grantor in the deed can question the capacity of her grantee to take the estate conveyed. Section 4080 of the Mississippi Code of 1906, which was in effect at the time of the execution of the conveyance, expressly authorized railroad corporations "to hold and enjoy real estate necessary for its purposes, in fee-simple or otherwise." The complainant in challenging the validity of the deed upon the ground that the fee-simple estate was not necessary for the railroad company's purposes assumed the burden of proving the grounds of her attack. The proof is insufficient to meet

this burden. "Various presumptions have been held to arise in connection with deeds. A deed is presumed to be that which it purports to be, and the burden is on the one asserting otherwise. When a deed sufficient to vest a title is executed and delivered, the law raises the presumption of an intent to pass the title in accordance with its terms, and the burden rests on the one who avers a different intention." 26 C. J. S., Deeds, Sec. 181, page 585.

In view of these conclusions, we deem it unnecessary to consider any other assignment of error, and it follows from the views expressed that the decree of the court below must be and it is reversed and a decree entered here for the appellant.

Reversed and decree for appellant.

**McGehee, C. J.**, and **Alexander, Hall**, and **Kyle, JJ.**, concur.