295 So.2d 771 (1974)
W. Dixon DOSSETT, Individually, and as Father and Next Friend to W. Dixon Dossett, Jr., et al.,
v.
NEW ORLEANS GREAT NORTHERN RAILROAD COMPANY, and Gulf, Mobile & Ohio Railroad Company.
No. 47577.
Supreme Court of Mississippi.
June 10, 1974.
Sillers, Roberts, Pearson & Eddins, Rosedale, for appellants.
Wells, Wells, Marble & Hurst, J. Jerry Langford, Jackson, for appellees.
RODGERS, Presiding Justice.
This is an action brought by the appellants W. Dixon Dossett, an adult, W. Dixon Dossett, Jr., Virginia Brooke Dossett, and William Kethley Dossett, minors, by next friend; against the above named railroad companies, which later merged with the Illinois Central Railroad Company, to form the Illinois Central Gulf Railroad Company, for the purpose of cancelling as a cloud the claim of the appellee railroad companies to a fee title in and to a certain strip of land described in an instrument dated the 25th day of January, 1907, from appellants' predecessors in title to New Orleans *772 Great Northern Railroad Company. A copy of the pertinent parts of the written instrument is hereto appended.
The appellants contend that the language of the instrument clearly shows that the grantors conveyed an easement across the property therein described as a right-of-way for the use of the railroad and was not, as claimed by the appellees, a fee simple title to the land used by the railroad.
The railroad companies answered and claimed the land described in the instrument, not only from the instrument itself, but also by adverse possession.
The Chancery Court of the First Judicial District of Hinds County, Mississippi, heard testimony and examined other written instruments, some of which will be discussed later. The court reached the conclusion that the instrument complained of was a deed rather than an easement. The chancellor entered a decree dismissing the bill of complaint and granting the appellants an appeal.
Appellants have appealed to this Court and have filed two assignments of error:
(1) The trial court erred in holding that the instrument in writing from William L. Dossett and Mabel Dossett to New Orleans Great Northern Railway Company conveyed a fee simple title rather than an easement; and
(2) The trial court erred in not holding that defendants, as permissive users, were precluded from claiming the land in question by adverse possession.
We have reviewed the testimony, and we have made a careful study of the applicable law since the issue is largely a question of law. We agree with the chancellor and affirm the chancery court decree.
Without reviewing the cases as to the obvious ambiguity in the instrument, wherein it is said at one place to be "a right of way", at another place to be a conveyance of "a strip of land for a right of way", and at another place the timber on the right-of-way is granted, and the right of the railroad to use earth, gravel, stones, shells and other materials for construction and maintenance of the railroad, [see 23 Am.Jur.2d Deeds § 159, at 205-208 (1965)] it becomes necessary to resort to the legal rules of construction to determine the meaning of the instrument.
In the case of Richardson v. Moore, 198 Miss. 741, 750, 22 So.2d 494, 495 (1945) we had the following to say on this subject:
"(1) [T]he deed must be read in the light of the circumstances surrounding the parties when it was executed; (2) that the construction should be upon the entire instrument, and each word and clause therein should be reconciled and given a meaning, if that can be reasonably done; (3) that the main document and that to which it refers must be construed together; (4) that if the wording of the deed is ambiguous, the practical construction placed thereon by the parties will have much weight in determining the meaning; and (5) that in case the deed is ambiguous, and subject to two possible constructions, one more favorable to the grantee, and the other more favorable to the grantor, that construction favorable to the grantee will be adopted."
We may sometime determine what a written instrument is by determining what the parties thought it to be, and how they treated the subject matter.
We said in Sumter Lumber Co. v. Skipper, 183 Miss. 595, 184 So. 296 (1938):
"[A]nd when the parties have for some time proceeded with or under the deed or contract, a large measure, and sometimes a controlling measure, of regard will be given to the practical construction which the parties themselves have given it, this on the common sense proposition that actions generally speak even louder than words." 183 Miss. at 608-609, 184 So. at 298-299.
*773 This rule has been reinforced recently by St. Regis Pulp and Paper Corp. v. Floyd, 238 So.2d 740 (Miss. 1970):
"It has long been an established rule of law in this state that where, as is urged here, some ambiguity exists, which pro arguendo we consider, the interpretation placed upon the deed by the grantees and their successors in title deserves and merits consideration here insofar as intent is concerned." 238 So.2d at 744.
Both parties cite general rules from the leading encyclopedias as being supportive of their positions. In 65 Am.Jur.2d Railroads § 75, at 387 (1972) it is said that:
"The estate or interest acquired by a railroad in land conveyed to it for a right-of-way is generally construed to be an easement, but a railroad may, unless prohibited by statute, acquire the fee in the right-of-way where the deed of conveyance is sufficient for that purpose and the statute permits a railroad to acquire a fee in its right-of-way."
The writer goes on to say that:
"It has been held that where a deed contained additional language referring in some way to a `right-of-way', it operated to convey a mere easement rather than a title in fee. * * * In this connection, a habendum clause, in accordance with the general rule of construction of deeds, must yield to the granting clause, although, in fact there is no conflict between the two clauses where the granting clause is for a railroad right-of-way and the habendum clause has no such limitation, since the habendum clause may be interpreted as warranting a title to an easement which is granted in perpetuity. * * *
In instances, however, involving the construction of deeds granting `land' rather than a `right', the result has been reached that the fact that the deed contained additional language embodying some reference to a `right-of-way' did not operate to limit the estate conveyed or to cut it down from a title in fee to an easement." 65 Am.Jur.2d Railroads § 77, at 388-389 (1972).
The Supreme Court of Mississippi has been faced with cases similar to the present one, and although none of these cases is precisely "on point", a consideration of them is helpful in illustrating the factors which the Court deems important.
The case of Williams v. Patterson, 198 Miss. 120, 21 So.2d 477 (1945) is somewhat similar to the facts in the present case. In that case this Court held that the instrument gave a "right-of-way" and not full fee title. The obvious difference between the Williams case and the case at bar is that in the instant case, the grantor conveyed "a strip of land" for a right-of-way. See also New Orleans & Northeastern RR v. Morrison, 203 Miss. 791, 35 So.2d 68 (1948) in which a right-of-way was also granted.
In Mississippi Central Railroad Co. v. Ratcliff, 214 Miss. 674, 59 So.2d 311 (1952), the instrument conveyed land. The only mention of "right-of-way" was in the following sentence repeated several times: "The above described tract or right-of-way containing  acres, more or less." This instrument was held to be a deed. The Court pointed out that Section 2764 of the Mississippi Code of 1906 (which was in effect at the time the present deed was written) provides as follows:
"Every estate in lands granted, conveyed, or devised, although the words deemed necessary by the common law to transfer an estate of inheritance be not added, shall be deemed a fee-simple if a less estate be not limited by express words, or unless it clearly appear from the conveyance or will that a less estate was intended to be passed thereby." 214 Miss. at 682-683, 59 So.2d at 314.
The Court went on to say that:
"We recognize the modern trend of authorities that the intention of the parties *774 is controlling if it can be clearly gathered from the entire instrument, but we also recognize the principle that in construing a deed to determine whether it conveys a fee or a less estate, if the language of the deed is ambiguous and uncertain as to the estate intended to be conveyed, it will be construed to pass a fee rather than a less estate. 26 C.J.S. Deeds § 109, page 399." 214 Miss. at 686, 59 So.2d at 315.
The question in Alabama and Vicksburg Railway Company v. Mashburn, 235 Miss. 346, 109 So.2d 533 (1959) dealt with whether or not the railroad acquired fee simple title or an easement to a strip of land. The relevant portion of the deed was as follows:
"[I]n consideration of the sum of One Dollar ... do by these presents release, relinquish, grant, bargain, sell, and convey ... all that portion of our tract of land near Clinton ... which is or may be necessary or useful to the said Company in the construction, use, and preservation of the Rail Road from Vicksburg to Jackson. * * *" 235 Miss. at 353, 109 So.2d at 534.
The Court noted that the railroad company had entered into lease agreements under which telegraph and telephone wires were constructed on the disputed strip; that the strip had been fenced for many years; and that since acquiring title to the property, the railroad company had paid all ad valorem taxes thereon. It was pointed out by the court that the foregoing facts are consistent with the ownership of the fee. In holding that the deed conveyed the full fee title to the strip in question, the Court stated:
"By warranty it conveyed that portion of the `land' necessary or useful in the construction, use, and preservation of the Railroad. It did not convey a right. It conveyed the land. It conveyed the land to the grantee and its successors `forever.' It is universally held that the conveying and granting clause of a deed prevail over any subsequent provision tending to cut down the estate theretofore conveyed. Mississippi Central Railroad Company v. Ratcliff, et al, supra; and Jones v. N.O. & N.E. Railroad Co., et al, 214 Miss. 804, 59 So.2d 541. The phrase `which is or may be necessary or useful to the said Company in the construction, use, and preservation of the Rail Road from Vicksburg to Jackson,' has reference to the use to which the granted right-of-way would be put and to the quantity of the land necessary for that purpose  not to the quality of the estate conveyed. * * * There is a vast difference between a grant for purposes of a `right-of-way' for a road and a grant of land to be used for a road. This was a grant of land to be used for construction and operation of a railroad  not a grant of a right-of-way over land." 235 Miss. at 356-357, 109 So.2d at 536.
The chancellor thought that the Mashburn case was in point, and, although it is not factually the same as the instant case, it does help in determining what is meant by "strip of land for a right of way".
The written instrument here in question is basically in the form of a general warranty deed as evidenced by Section 2816, Chapter 74, Mississippi Code 1906. There is a split of authorities as to the meaning of the words used in the deed. See cases favoring appellants' argument: Magnolia Petroleum v. Thompson, 106 F.2d 217 (8th Cir.1939), reversed on other grounds 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); Daugherty v. Helena & Northwestern Ry., 221 Ark. 101, 252 S.W.2d 546 (1952); Rock Island, A & L R. Co. v. Gournay, 205 La. 125, 17 So.2d 8 (1943); State v. Griffith, 342 Mo. 229, 114 S.W.2d 976 (1937); Swan v. O'Leary, 37 Wash.2d 533, 225 P.2d 199 (1950). See also cases favoring appellees' argument: Johnson v. Valdosta M. & W.R. Co., 169 Ga. 559, 150 S.E. 845 (1929); Midland Valley Railroad Co. v. Arrow Indus. Mfg. Co., 297 P.2d 410 (Okl. 1956).
*775 The facts in the instant case, however, indicate that the parties to the instrument construed it to be a warranty deed, because:
(1) The appellee railroad has paid taxes on the property at least since 1955.
(2) Exception in the tax assessment of the strip of land from appellants' taxes.
(3) The strip of land was expressly left out of a deed of trust from M.D. Dossett and husband to the Federal Land Bank, June 16, 1924.
(4) A similar deed of trust dated July 1, 1924, excepted the right-of way of the N.O.G.N. RR Co.
(5) An oil and gas lease from Mrs. Mabel Dossett, et al, to Joseph Moore, excepted the N.O.G.N. RR right-of-way on May 1, 1941.
(6) Five recorded contracts between Western Union Telegraph Company and the railroad permitted the telegraph the right to use the right-of-way.
We are of the opinion that the language used in the written instrument here involved was sufficient to indicate the sale of land, rather than right to use land. Since, however, there are phrases, sentences and clauses in the deed which tend to make the meaning of the deed unclear and ambiguous, we must resort to the legal rules of construction as to what the parties considered the instrument to be a deed. It is apparent that the parties considered the instrument to be a deed. Moreover, where the language of an instrument is unclear and ambiguous as to the estate intended to be conveyed, the instrument should be construed to convey the fee rather than a lesser estate.
The decree of the chancery court, therefore, must be affirmed.
Affirmed.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.

APPENDIX
STATE OF MISSISSIPPI
COUNTY OF BOLIVAR
Know all men by these presents, that we William L. Dorsett (sic) and Mabel V. Dorsett, (sic) his wife, of the county of Bolivar and state of Mississippi, for and in consideration of the sum of eleven hundred and fifty ($1150.00) dollars the receipt of which is hereby acknowledged, and of the benefit of which will accrue to us from the construction of a line of Railroad across out (sic) lands, hereinafter described, do by these presents, grant, sell, assign, convey and warrant unto New Orleans Great Northern Railroad company of Mississippi & Louisiana a corporation organized under the laws of Mississippi and Louisiana its successors and assigns a strip of land for a right of way, to be selected by survey and location by said company, its successors or assigns two hundred feet in width (being one hundred feet on each side of the center line of the Railroad Track) in, over, upon and across the following described lands in the county of Hinds and state of Mississippi, to-wit:
The west half (W-1/2) of section twenty (25) township three (3) North Range one (1) West. In the direction in which said railroad is now located by said Railroad company, its successors or assigns, as shown by the plat annexed hereto and made part of this deed.
And we do further grant and convey to said Railroad company, its successors or assigns, all the timber growing on said right of way, together with the right to use therefrom earth, gravel, stones, shells and other materials for the construction and maintenance of said railroad. To have and to hold, the same unto the said New Orleans Great Northern Railroad company, of Mississippi, its successors and assigns, forever, *776 with full warranty, and substitution and subrogation to all our rights in and to the lands hereby conveyed. It is understood and agreed that if said railroad be not located and constructed across said lands by said company, its successors or assigns ... then this transfer and conveyance shall be null and void.
In Witness whereof we have hereunto set our hands, in the presence of H.C. Lenior and J.N. Ford, competent witnesses, this 25th day of January, 1907.
William L. Dorsett (sic)
Mabel V. Dorsett (sic)
Witnesses  H.C. Lenior
J.N. Ford
Accepted for the 
NEW ORLEANS GREAT NORTHERN RAILROAD COMPANY OF MISSISSIPPI
V.G. PEARSALL, GENERAL MANAGER
NOTE: A plat of the strip of land conveyed was attached to the deed.