# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

No. 09-60569
Summary Calendar

Charles R. Fulbruge III
Clerk

ROBERT CHARLES ERVIN,

Plaintiff - Appellant

v.

SPRINT COMMUNICATIONS COMPANY LP,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-47

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Robert Charles Ervin appeals the district court's grant of summary judgment to Appellee Sprint Communications Co., L.P. ("Sprint") on all claims and the denial of his motion to remand. Mr. Ervin sued Sprint under Mississippi law for trespass, unjust enrichment, and slander to title based on Sprint's installation of underground fiber optic cable on property that Mr. Ervin asserted that he owns. Mr. Ervin further sought an injunction requiring Sprint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60569

to remove the cable from his land and a declaratory judgment that Sprint had no right to install and has no right to operate the telecommunications cable.

We conclude that Mr. Ervin's purported claims met the amount in controversy requirement so as to create diversity jurisdiction, and we therefore AFFIRM the district court's denial of his motion to remand.

Under this Circuit's precedent, Mr. Ervin's failure to respond to the summary judgment motion effectively waives his opportunity to offer evidence or legal argument in opposition to summary judgment. Further, we conclude that Sprint offered uncontroverted summary judgment evidence under which Mr. Ervin cannot prevail. We thus AFFIRM the district court's judgment as well.

## I. Facts

In 1853, James Sturgis deeded land from a certain parcel of property to the New Orleans, Jackson and Great Northern Rail Road Company ("Great Northern") for construction of a rail corridor. The state of Mississippi had statutorily chartered Great Northern the previous year. Mr. Sturgis's deed (the "Deed"), which is in large part the subject of this dispute, provided that Sturgis

> donates, grants, alienates, and conveys, and by these presents do[es] donate, grant, alien and convey unto the said New Orleans, Jackson and Great Northern Rail Road Company such part and portion of the aforesaid tract of land as may be necessary under the provisions of the Charter of said Company to build and construct said Road, together with all such timber, stone, earth, gravel and other materials which may be found on said tract of land necessary and proper to be used in the construction of said Road.

Great Northern subsequently constructed a railroad through the land passed by this Deed (the "Railroad Grant Land"). In 1987, Sprint's predecessor, U.S. Telecom, Inc., installed underground fiber optic cable on the Railroad Grant Land pursuant to a 1986 easement granted by Illinois Central Gulf Railroad

2

No. 09-60569

Company, Great Northern's successor.[1]  At that time, Velma Ervin owned the residual property not conveyed by the Deed (the "Ervin Property").  In 1992, Velma Ervin conveyed the Ervin Property by quitclaim deed to Robert Carlos Ervin.  When Robert Carlos Ervin died, Plaintiff-Appellant Robert Charles Ervin obtained title to the Ervin Property through a Judgment Closing Estate recorded in 1995.

Mr. Ervin filed this lawsuit against Sprint and several other defendants in Mississippi state court on December 15, 2008.  The defendants removed to the United States District Court for the Southern District of Mississippi on January 23, 2009.  Mr. Ervin and all defendants other than Sprint shortly afterward stipulated to a dismissal of all claims.  Mr. Ervin filed a motion to remand on March 10, 2009, arguing that the amount in controversy was less than $75,000.  The district court denied the motion, and Sprint immediately filed for summary judgment.  Mr. Ervin failed to respond to the motion for summary judgment.  On May 18, 2009, the district court granted summary judgment in favor of Sprint, ruling that Mr. Ervin lacked standing to pursue his claims because the summary judgment evidence showed that Sprint owned the Railroad Grant Land in fee simple.

Mr. Ervin now appeals both the denial of his motion to remand and the dismissal with prejudice of his claims.

## II. Analysis

*A.    Denial of the Motion to Remand*

We first reject Mr. Ervin's argument that this court and the district court lack jurisdiction because Sprint has not shown that the amount in controversy here exceeded $75,000 as required by 28 U.S.C. § 1332(a).[2]  We review the denial

---

[1] Illinois Central Gulf Railroad Company was subsequently renamed Illinois Central Railroad Company.

[2] The parties are diverse.

of a motion to remand de novo, "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Mr. Ervin's original complaint in Mississippi court claimed that Sprint had "recei[ved] . . . and ret[ained] . . . millions of dollars in the form of rents, profits, and other benefits properly payable to Plaintiff" and sought their disgorgement as unjust enrichment. In a case in which the plaintiff seeks equitable monetary relief, such as disgorgement or restitution, "'it is well established that the amount in controversy is measured by the value of the object of the litigation'"— that is, the amount of equitable monetary relief sought. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). There is nothing in the record to suggest that the disgorgement claims were made in bad faith, nor has the plaintiff offered any meaningful evidence or legal argument that those claims are for less than $75,000.[3] We thus decline to find that "it . . . appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 455 n.6 (5th Cir. 2008). We therefore affirm the district court's denial of the motion to remand.

B.    *Grant of the Motion for Summary Judgment*

Mr. Ervin's arguments on appeal seeking reversal of the district court's grant of summary judgment are waived because he failed to oppose Sprint's

---

[3] The record discloses that Mr. Ervin sought a settlement of $1,000,000, suggesting that he did in fact seek recovery of these amounts.

motion in the district court. We have explained that "[i]t is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986). Here, Mr. Ervin raised no arguments in opposition to summary judgment in the district court,[4] and we thus do not consider the legal arguments he advances for the first time on appeal.

Nevertheless, in our de novo review, we, like the district court, are obliged to assess whether "[t]he movant has [met] the burden of establishing the absence of a genuine issue of material fact . . . regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quotation marks and citation omitted). We agree with the district court that Sprint's summary judgment evidence established that Sprint owns the Railroad Grant Land in fee simple under Mississippi law.[5] Mr. Ervin's arguments to the

---

[4] Mr. Ervin did raise some of the arguments he makes on appeal after entry of judgment in what the district court interpreted as a motion under Federal Rule of Civil Procedure 59(e) and denied. However, such "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quotation marks and citation omitted). A legal argument not raised in opposition to summary judgment but improperly raised for the first time in a Rule 59(e) motion is still waived because such an argument was never properly before the district court. *See id.* For the same reason, we affirm the district court's denial of the Rule 59(e) motion under the deferential abuse of discretion standard. *See Marseilles Homeowners Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (holding that "[t]he district court did not abuse its considerable discretion in denying [the appellant] the opportunity to raise [a] claim after judgment" that should have been argued before judgment was entered).

[5] As our recent decision in *Franks Investment Co. LLC v. Union Pacific Railroad Co.*, ___ F.3d ___, No. 08-30236, 2010 WL 22337 (5th Cir. Jan. 6, 2010) (en banc), confirms, a diversity action sounding in state property law is permissible here and not preempted by the Interstate Commerce Commission Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803.

No. 09-60569

contrary are unavailing in light of controlling Mississippi Supreme Court precedent.

Mr. Ervin cannot prevail on his claims because he does not own the land in dispute. The Deed granted Great Northern an unspecified section of a particular parcel of land without specifying the precise interest in the land transferred. Applying Mississippi law, we read the Deed to convey, as a matter of law, fee title to the railroad in the land where the rail line was installed.

First, as to what land was conveyed, the Mississippi Supreme Court in *Alabama & Vicksburg Railway Co. v. Mashburn*, 109 So. 2d 533 (Miss. 1959), addressed this very question. *Mashburn* held that

> where property is conveyed by a grantor to a railroad company for purpose of its right-of-way, without the full description of the land conveyed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the property for such purpose. It indeed would be a travesty on justice to hold a deed void for imperfect description where a railroad has constructed its right-of-way and has been operating trains over the same for over one hundred years.

*Id.* at 537 (internal citation omitted). We find that *Mashburn* governs this issue and establishes that the scope of land at issue is that actually occupied by the railroad for the last century and a half, notwithstanding the lack of description in the Deed.

Second, as to what interest in the land was conveyed, *Mashburn* is again highly instructive.[6] Under *Mashburn*, the court is to look to the language of the deed read in conjunction with the railroad's statutory charter. *Id.* at 535. In assessing the language of the deed, moreover, we are to apply Mississippi's statutory presumption that "[e]very estate in lands . . . granted, conveyed, or

---

[6] We have previously applied *Mashburn* to the facts of a very similar but non-precedential case to reach the same result as here. *See Johnson v. Kan. City S. Ry. Co.*, 208 F. App'x 292 (5th Cir. 2006) (unpublished).

6

devised . . . shall be deemed a fee-simple if a less estate be not limited by express words or do not appear to have been granted, conveyed, or devised by construction or operation of law." HUTCHINSON'S MISS. CODE, ch. 42, art. 1, para. 23 (1848); *see also* MISS. CODE ANN. § 89-1-5 (1999) ("Every estate in lands granted, conveyed, or devised . . . shall be deemed a fee-simple if a less estate be not limited by express words, or unless it clearly appear from the conveyance . . . that a less estate was intended to be passed thereby.").

Applying these three considerations here, we find, like the *Mashburn* court, that the Railroad Grant Land was conveyed in fee simple to Great Northern. In *Mashburn*, the Mississippi Supreme Court found that the use of the word "land" in the text of the deed, read together with both the statutory presumption and the railroad's charter authorizing land acquisition in fee simple, was ultimately determinative. 109 So. 2d at 536 ("[T]he deed itself . . . conveyed that portion of the '*land*' necessary or useful in the construction, use, and preservation of the Railroad. It did not convey a right. It conveyed the land.").

We find the same conditions here. The deed grants a "part and portion of the . . . tract of land"—not a right or set of rights in that land.[7] The statutory presumption is the same. The charter provided for a "complete title."[8] We therefore conclude that the Railroad Grant Land was conveyed in fee to the Great Northern, and that Mr. Ervin thus has no rights in the land.

The summary judgment evidence that Sprint advanced establishes that Great Northern and its successors have owned the disputed land in fee simple

---

[7] This difference distinguishes Ervin's case from the case upon which he relies, *New Orleans & Northeastern Railroad v. Morrison*, 35 So. 2d 68 (Miss. 1948) (en banc). In that case, the grantor deeded a "right of way," which, the court held, signified an easement.

[8] The governing charter in this case provided for procedures that would "vest a complete title in said [railroad] company."

No. 09-60569

since 1853. That fact completely defeats Mr. Ervin's claims, which are all based upon the premise that he owns the land in question; Illinois Central, as the successive fee owner, lawfully granted Sprint an easement to install the cable without any possible cognizable offense to Mr. Ervin or his antecedents.

## III. Conclusion

We therefore AFFIRM the district court's denial of the motion to remand and its judgment of dismissal with prejudice. We DENY as MOOT Sprint's motion to strike the portions of Mr. Ervin's brief that rely on arguments not presented to the district court.