FIDELIA TABBUTT *vs.* GEORGE F. GRANT.

Washington.    Opinion November 22, 1900.

*Deed.    Right of Way.    Non-User.*

1.  Where the owner of a larger tract of land conveys out of it a smaller tract
    and in the deed reserves to himself and his heirs a right of way across the
    conveyed land which becomes definitely located, a right of way over that
    particular location becomes vested in the grantor as effectually as if by
    express grant.

2.  Such right of way so acquired is not released or lost by mere non-user;
    nor by the use for a time of another way across the same land instead of the
    first way, unless there was an agreement between the parties for a substitu-
    tion.

3.  Such an agreement for substitution is not established by evidence that no
    objection was made to the use of the new way;—and it is negatived by
    evidence that the owner of the servient estate denied all and any right of
    way.

ON MOTION BY DEFENDANT.

This was an action on the case for disturbing the plaintiff's right
of way.

The facts are stated in the opinion.

*A. D. McFaul and John F. Lynch,* for plaintiff.

*W. R. Pattangall and J. W. Leathers; and H. H. Gray,* for
defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE,
FOGLER, POWERS, JJ.

EMERY, J.    The plaintiff formerly owned a tract of land 325
acres in extent situated upon both the east and west sides of the
highway.    On the west side of the road was her dwelling-house.
On the east side of the road, and nearly opposite the dwelling-
house, was a spring of water about twenty-five rods from the road.
This spring had been used in connection with the house until there
was a well worn path between the two.

In 1879, the plaintiff conveyed out of this tract a smaller tract of 100 acres on the east side of the road and including the spring. In the deed of conveyance, however, was this clause, "Be it also provided that I, Fidelia Tibbetts [the plaintiff] and my heirs shall have the use of the spring on said lot, also right of way to the same." After this conveyance the plaintiff continued to use the spring and the old path thereto for at least ten years, as the way reserved in the deed. This clause in the deed and the facts above recited vested in the plaintiff, as by express grant, a right of way to the spring over this particular path, at least so long as she remained the owner of any part of the original tract. *Winthrop* v. *Fairbanks*, 41 Maine, 307; *Bangs* v. *Parker*, 71 Maine, 458, 460.

In 1898, the defendant, having succeeded to the title to the 100 acre tract, (the servient estate) built, against the plaintiff's protest, a fence along the highway across this path, thus shutting the plaintiff out from its use for access to the spring. This action is for such obstruction.

The defendant shows no release by deed, but claims that the evidence of the conduct and statements of the parties show a release of the plaintiff's right of way over this particular path as effectual as one by deed. It appears that some six years before the fence was built, the plaintiff removed from the house opposite the spring to another house on her remaining land, leaving a son and his family in the old house. During the entire six years she used another and different and more convenient path to the spring without objection. During the same time the son living in the old house used the old path to the spring. The plaintiff did not personally make any use of the old path after her removal to the other house.

Of course, mere non-user of a definite right of way for any period does not of itself extinguish the right. The defendant, however, contends that the evidence shows an executed agreement for a substitution of the new path, for the old one, by which the plaintiff acquired the right to use the new path, and in consideration thereof surrendered the right to use the old path. Such an agreement may be made by parol, and when executed,—when in pursu-

ance thereof the owner of the right of way begins to use the new path, and the owner of the servient estate shuts up the old path,— then the former acquires the right to use the new path and effectually releases the right to use the old path. Such an agreement can be shown by conduct as well as by words, but it must appear that there was an agreement. If the conduct of the parties fails to show that, it does not change their rights. *Bangs* v. *Parker*, 71 Maine, 458; *Fitzpatrick* v. *Boston and Maine R. R.*, 84 Maine, 33; *Smith* v. *Barnes*, 101 Mass. 275.

The evidence in this case fails to show such an agreement. The plaintiff's use of the new path does not appear to have been by permission obtained. It was simply without objection. The defendant did not attempt to extinguish or incumber the old path by any permanent erections until he built the fence in 1898, when he was met with a prompt protest. No such conduct or situation appears here as appeared in *Ballard* v. *Butler*, 30 Maine, 94; *Fitzpatrick* v. *Boston and Maine R. R.*, supra, or in the Massachusetts cases cited by the defendant. Further, the absence of an agreement for a substitution of paths affirmatively appears from the evidence for the defendant. He did not know the plaintiff had any right of way anywhere across his land until after he built the fence. He was ignorant of the reservation in the deed. When met by the plaintiff's protest against the fence, he did not claim there was a substitution, but challenged her to show any right anywhere.

The verdict for the defendant clearly is not sustained by the evidence.

*Motion sustained. Verdict set aside.*