No. 18,595.

JESS A. SCOTT, ET AL. *v.* EDWARD J. POWERS.
(342 P. [2d] 664)

Decided July 13, 1959.   Rehearing denied August 3, 1959.

Mr. CHESTER A. BENNETT, for plaintiffs in error.

Mr. RALPH H. COYTE, Mr. ALDEN T. HILL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

WE will herein refer to the parties, plaintiffs or defendant, as they were aligned in the trial court, or by name.

Plaintiffs' complaint alleged that they purchased from Floyd E. Harris on August 30, 1937, a portion of the southeast quarter of the southeast quarter of Section 35,

Twp. 8 N., R. 69 West of the 6th P.M. in Larimer County, Colorado; that at the time of purchase "there was an established and used access right-of-way of State Highway 287 along and just south of the north line of said described land." That on February 17, 1938, plaintiffs sold to Arthur Collamer and Frank E. Collamer a portion of said above described land by warranty deed which deed recited "subject, however, to the rights-of-way for roads and ditches as now constructed; it being the intention hereof to exclude the county road from this conveyance." It is then alleged that defendant had refused to allow plaintiffs access to the lands owned by them. Powers acquired title to his land from one Stern, who acquired title through Collamer. Plaintiffs' deed contained the identical "subject" clause above quoted.

Plaintiffs prayed that the court adjudge that they owned a right-of-way over and through said tract of land and that defendant be enjoined from denying plaintiffs access to their property across defendant's land.

By answer defendant denied that any such access road ever existed. By way of cross-complaint defendant prayed for a decree quieting title in defendant as against "any claimed right-of-way through defendant's property." The allegations of the cross-complaint were put in issue by plaintiffs and the case proceeded to trial resulting in findings and judgment in favor of defendant and that "plaintiffs have no right-of-way over and across" the property first above described. From this judgment plaintiffs bring the case here on writ of error.

To tersely state the issue here involved plaintiffs claim that an easement was reserved in their favor through the property now owned by defendant. It cannot be said that they had an easement in the property at the time it was sold to defendant's predecessors in title. The record discloses that the east border line of the property conveyed to plaintiffs abutted the county road. There is no testimony in the record that any road was ever "constructed" from the main highway. It is logical

to inquire, in view of the language employed, "as constructed," where was the road which plaintiffs claim either by way of an easement or by adverse possession? It did not exist.

"A continued and uninterrupted use under an adverse use and claim of right is requisite to the acquisition of an easement by prescription. Since a person cannot claim adversely to himself, the courts uniformly maintain that the prescriptive period does not begin to run while the dominant and servient tracts are under the same ownership or control. If this should occur after the prescriptive period has begun to run, there is an interruption of the continuity of the adverse user; and if the ownership of the tracts is again severed, the prescriptive period starts anew. Thus, during the time real estate is owned and held by the owner as a single estate no easement by prescription is created against a portion thereof as a servient estate and in favor of another portion as a dominant estate by reason of the fact that the owner uses a particular part of his land as a roadway for the benefit and convenience of himself, his family and his licensees." 17 A.J. 641, Sec. 69.

██ It is obvious that plaintiffs could not create an easement in their favor on their own property because any use to which they would put the property when they owned it would be as owner, and not otherwise.

It being clear that the language of the conveyance here relied upon did not vest any rights in the plaintiffs, it then becomes pertinent to inquire did the plaintiffs acquire a right-of-way by adverse use?

The instant case was commenced in August 1957.

It cannot be contended by plaintiffs that they have right here by adverse use to a way through defendant's property. The property was sold in 1938 and if a right by adverse use would start to develop it would start at the time of conveyance. There was some testimony by Scott that he hauled machinery and produce in and out through defendant's property but no evidence that his

going through the property was adverse to the owner. There is no evidence that he was through the property at all after 1955. Accordingly, it could not be said that he had acquired any right by adverse user.

The trial court found as a fact from competent evidence "that the public highway borders plaintiffs' property along the entire north side thereof," and that "if plaintiffs have traveled through defendant's property, said use, if any, could be termed no more than permissive use."

It is patent that no adverse possession existed either in fact or in law.

The findings of fact being supported by competent evidence, and the conclusions of law resulting in the judgment being consonant with established principles of law, the judgment is affirmed.