[No. 35101.  Department Two.  April 7, 1960.]

COAST STORAGE COMPANY et al., *Appellants*, v. HARRY SCHWARTZ et al., *Respondents and Cross-appellants.*[1]

*Rummens, Griffin, Short & Cressman* and *John H. Faltys,* for appellants.

*Ryan, Askren, Mathewson, Carlson & Bush, Laurence S. Carlson* and *Douglas R. Hendel,* for respondents and cross-appellants.

FOSTER, J.—Appellants, plaintiffs below, brought suit to quiet title to real property against the respondents and cross-appellants, defendants below.[2] The judgment granted the relief sought by each party. Plaintiffs appeal from the relief granted the defendants who cross-appeal from the relief granted the plaintiffs.

The dispute concerns easements created by deeds of record. The entire parcel, which includes tracts 57, 58, 60, 61

[1] Reported in 351 P. (2d) 520.

[2] It seems easier to comprehend this dispute to refer to the parties as designated in the trial court.

and 66 of Moore's five-acre tracts, a platted subdivision in King county, Washington, was all originally owned by N. C. Jannsen, the common grantor of both parties. The property is shown on diagram No. 2.[3]

In October, 1949, Jannsen sold to the Golden Bear Oil Company portions of tracts 57 and 61, marked "Barkow" on diagram No. 2, and colored pink. Jannsen's deed to Golden Bear granted it an easement, for road purposes, twenty-four feet wide across Jannsen's tract 66, east to East Marginal way, as shown upon diagram No. 2, colored red. The same deed reserved to Jannsen, for road purposes, a strip twelve feet wide across the northerly boundary of the property conveyed to the Golden Bear Oil Company (marked "Barkow" on diagram No. 2).

In 1955, Jannsen having died, his executor conveyed to the plaintiffs the remaining portions of tracts 57, 58, 60 and 61, lying west and north of the property conveyed to the Golden Bear Oil Company in 1949, and marked "Coast Storage" on diagram No. 3, and colored blue. The deed to Coast Storage Company granted it the right to construct a railway spur across Jannsen's remaining parcel, tract 66, and provided that, in such event, a new roadway was to follow the railway spur. It was further provided that if Coast Storage Company did not exercise such option within the period specified, Jannsen reserved the right to relocate the existing roadway easement along the southern boundary of tract 66, which he still owned.

Eleven months later, Jannsen's executor conveyed to the defendants Schwartz the balance of Jannsen's land described as tract 66, marked "Schwartz" on diagram No. 4, and colored green. The deed to the defendants Schwartz was specifically subjected to the easement over tract 66 granted by deed to the Golden Bear Oil Company in 1949. By quitclaim deed, dated July 23, 1957, Jannsen's executor conveyed to the defendants Schwartz Jannsen's interest in the twelve foot easement reserved by Jannsen along the

---

[3]The diagrams appearing in this opinion were taken from the exhibits. Diagram No. 1 was not used.

E. Marginal Way

Jannsen

66

ESMT. 24'

Vac Francis Avenue

N62° 10' 4"

477

60

Barkow

19

58

57

Jannsen

Duwamish Waterway

Jannsen Property
Barkow Property

MOORE'S FIVE ACRE TRACTS

SCALE 1" = 100'

2

E. Marginal Way

Jannsen

ESMT. 24'

66

Vac Francis Avenue

Barkow

61

69

58

Duwamish Waterway

Jannsen Property
Barkow Property
Coast Storage Property

MOORE'S FIVE ACRE TRACTS

SCALE 1" = 100'

3

E. Marginal Way

Schwartz

66

ESMT. 24'

Vac Francis Avenue

60

58

Barkow

61

Duwamish Waterway

Janssen Property
Barkow Property
Coast Storage Property
Schwartz Property

MOORE'S FIVE ACRE TRACTS

SCALE 1" = 100'

4

northerly boundary of the property conveyed to Golden Bear in 1949.

By mesne conveyances, the plaintiffs subsequently became the owners of the property and easements conveyed in 1949 by Jannsen to the Golden Bear Oil Company. Thus, they now own the whole tract west of the abandoned Francis avenue, which bisects the entire original Jannsen tract.

The prayer of the plaintiffs' complaint was to quiet plaintiffs' title to the easement along the northerly boundary of the tract originally conveyed by Jannsen to the Golden Bear Oil Company in 1949. At the time of the Golden Bear deed, this easement across the Golden Bear property was a necessary means of access between Jannsen's tract 66 and the property retained by Jannsen (conveyed in 1955 to Coast Storage) lying on the west of vacated Francis avenue.

When all of the property which had been retained by Jannsen in 1949 and lying west of the vacated street and the property conveyed to the Golden Bear Oil Company passed into the common ownership of the plaintiffs, the easement originally reserved by Jannsen terminated. One cannot have an easement in his own property. The easement no longer serves the property north and west of the Golden Bear tract now owned by the plaintiffs; nor does the easement now beneficially serve tract 66 to the east owned by defendants Schwartz. There is no longer any reason or necessity to go from defendants Schwartz' parcel east of the abandoned street to those north and west of the tract first acquired by Golden Bear. An easement is a use interest, and to exist as an appurtenance to land, must serve some beneficial use. The strip now ends in the middle of plaintiffs' property. It does not lead anywhere, truly a dead-end roadway.

That portion of the judgment quieting the plaintiffs' title to this strip is affirmed.

The prayer of the defendants' cross-complaint was to decree them the right to relocate the easement along the southern boundary of their property, tract 66, marked "Schwartz" on diagram No. 4, and colored green. Plaintiffs forthrightly concede the right of the defendants Schwartz to relocate the

easement serving the property conveyed to the Coast Storage Company in 1955, but assert the converse is true with respect to the parcel first conveyed to Golden Bear in 1949, which they now own. We agree.

The language in the plaintiffs' brief is:

". . . The appellant Coast Storage concedes at the outset that respondents have the right flowing from the option agreement contained in the Coast Storage deed dated March 23, 1955, to move the easement serving Tracts 57, 58, 60 and 61 (Coast Storage Tract), to the south. Said appellant in no way concedes that this right is applicable to the Golden Bear-Barkow tract. . . ."

■ Defendants' claim to relocate the easement is bottomed upon an alleged consent to move the easement by the successor to Golden Bear Oil Company, Barkow Petroleum Company. The alleged consent is contained in a letter dated October 27, 1958, of the Barkow Petroleum Company, which, omitting the formal parts, is as follows:

"I have your letter of October 21st, relative to the above mentioned property.

"In the first place, the name of Golden Bear Oil Company was not changed to the Barkow Petroleum Company but the Barkow Petroleum Company purchased this property with all rights, easements and options from the Golden Bear Oil Company, some ten years ago.

"In 1956, we sold this property to the Coast Storage Company, subject to the rights, options and easements and any agreement which your client and the Coast Storage Company can work out, will be satisfactory with us, upon our receiving a letter from the Coast Storage Company stating that they are agreeable to any arrangement which may be made."

Plaintiffs' predecessors in interest owned the Golden Bear tract, with the appurtenant easements, when plaintiffs acquired, in 1955, the balance of the Jannsen property lying west of the abandoned street. We agree with the defendants that the consent of all interested parties is prerequisite to the relocation of an easement. However, at the time of the Barkow letter, that company had no interest in the Golden Bear tract and was incapable of granting any right to Schwartz to relocate the easement. It had nothing to grant.

In any case, at best, the letter goes no farther than to say that Barkow has no objection to any arrangement upon which the parties might agree. Neither Coast Storage nor its predecessors in interest have, as owners of the Golden Bear tract, consented to the movement of the easement with respect to that tract.

It follows that the court erred in granting the defendants Schwartz the right to relocate the easement along the southerly boundary of their property. Such portion of the judgment is reversed and vacated.

That portion of the decree quieting the title of the Coast Storage Company to the twelve foot strip along the northern boundary of the tract originally conveyed to the Golden Bear Oil Company, from which defendants appeal, is affirmed. That portion of the decree authorizing the defendants Schwartz to relocate the twenty-four foot easement across their tract to the southern boundary thereof, from which plaintiffs appeal, is reversed. Plaintiffs will recover costs.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.