564 P.2d 612

John L. HUNING and Fred D. Huning,
as Trustees of the Huning Land Trust,
Plaintiffs-Appellees,

v.

Dale POTTS, aka Glen Dale Potts, and
Terezia Potts, his wife,
Defendants-Appellants.

No. 11012.

Supreme Court of New Mexico.

May 16, 1977.

Rehearing Denied June 1, 1977.

Ashby, Rose & Sholer, Philip R. Ashby, Hugh R. Horne, Albuquerque, for defendants-appellants.

Keleher & McLeod, Russell Moore, James B. Collins, M. Ralph Brown, Albuquerque, for plaintiffs-appellees.

## OPINION

SNEAD, District Judge.

This is an appeal from a judgment in favor of plaintiffs-appellees, John L. Huning and Fred D. Huning, Jr., as trustees of the Huning Land Trust [hereinafter Huning], and against Dale Potts and Terezia Potts, his wife [hereinafter Potts]. We reverse.

Huning brought an action in trespass, and obtained a judgment enjoining Potts from entering onto or crossing the lands owned or controlled by Huning, and further enjoining Potts from interference with the grazing rights of Huning on its own lands, and from interfering with prescriptive

grazing rights over other lands, including those tracts owned by Potts. The property concerned is a part of the San Clemente Grant and is within a substantially enclosed tract known as the Cerro pasture, encompassing some twenty to twenty-five sections.

Old Spanish Grants, Inc. acquired the tract in issue in 1929 and divided it into 10 acre lots. A plat of the land, reflecting lot designations and road rights-of-way between lots was filed with the county clerk of Valencia County on June 1, 1931. Thereafter, Old Spanish Grants, Inc. sold a number of the lots to individual owners. Each of the deeds was a grant of fee simple title "subject to restrictions and reservations of record and subject to rights of way for road purposes and railroad rights of way." Each of the deeds made reference to the plat filed with the county clerk. Each deed contained, as a part of the printed deed form, the following language:

> The grantor hereby covenants and agrees to pay the taxes on the foregoing described land . . . from the date hereof until 1933, provided the grantee does not improve the land by irrigation or the discovery of oil or any other means whereby the present status of the land as fit for grazing only is altered and its value increased, and the grantor is allowed use of said land for grazing.

The deed form with the language quoted was used on deeds issued both before and after 1933. In 1944, Huning acquired all of the remaining interest of Old Spanish Grants, Inc.

Of the tracts sold by Old Spanish Grants, Inc. between 1931 and 1944, some are still held under the original deeds; many others have been sold for taxes over the years. Of the tracts sold for taxes, many have been acquired by Huning while others have been acquired by various owners, including Potts.

During 1974 Potts acquired from the State of New Mexico some sixty-nine lots and fractional interests in lots within the area platted by Old Spanish Grants, Inc. and subsequently conveyed some of the lands so acquired to other owners. That same year Potts cut the fence adjacent to a point at which State Highway No. 6 crosses the platted area, and began blading out various access roads to the tracts which he had purchased. The roads in some instances appear to follow easement lines of the old plat; in other instances they do not. The roadways bladed out by Potts traverse lots now owned by Huning as well as lots owned by others.

The trial court found that all of the property in dispute had been used since the early 1930's for grazing by the Hunings; that such usage had been open, adverse and under claim of right since 1944; that Huning thereby obtained a prescriptive right to grazing which was prior in time to the tax deeds, and which was not extinguished by the tax deeds; that Potts had knowledge of the use made of the land prior to purchase and purchased without knowledge as to whether there was an access to the lands. The court concluded that Defendant Potts had no right of access to the lands acquired by him and no right to interfere with the prior right of Huning to use the land exclusively for grazing and permanently enjoined Potts from entering upon any of Huning's land.

■ Huning claims a perpetual grazing right under two theories: (1) express reservation in the deed and (2) by prescription. We hold that whatever type of right Huning had has been extinguished by the tax sale by the state.

Section 72–8–5, N.M.S.A., 1953 [1] applicable to this case, states:

> *Title vested by Tax Sale—Easements— Possession—State As Purchaser.*—The tax sale shall vest in the state of New Mexico and its grantees and assigns, as the case may be, subject to the right of redemption as provided in this act, the right to a complete title to the property

---

1. Repealed by Ch. 258, § 156 [1973] N.M.Laws 1154, and Ch. 92, § 34 [1974] N.M.Laws 347. The trial court relied upon § 72–31–70 (B), N.M.S.A., 1953 (Supp.1975), effective January 1, 1975, to find no extinguishment of the grazing profit.

sold, subject, however, to the easements of any telephone, telegram, transmission, or pipeline company or any irrigation or drainage ditch or road to which such land may be subject; Provided, that the state and its grantees and assigns shall not be entitled to the possession of said property until the period of redemption has expired and a deed has been executed therefor.

By the terms of the statute, the grazing profit was extinguished by the tax sale. Potts received a fee simple estate from the state (subject to the statutorily-enumerated reserved easements). See *Jackson v. Hartley*, 90 N.M. 428, 564 P.2d 992 (1977) and cases cited therein.

■ Huning relies on *Alamogordo Improvement Co. v. Hennessee*, 40 N.M. 162, 56 P.2d 1127 (1936), to support the thesis that a dominant easement is not extinguished by tax sale. The holding in the *Hennessee* case was modified in *Alamogordo Improvement Co. v. Prendergast*, 43 N.M. 245, 91 P.2d 428 (1939), holding that an easement which was an "encumbrance" upon the land and which bestowed no reciprocal benefit upon the servient estate was cut off by a tax sale, under the statute in effect at that time.[2] A dominant estate such as is present in this case, which usurps the entire beneficial ownership of the surface to the exclusion of the fee owner, is clearly an encumbrance without reciprocal benefit.

Potts contends that he has a right to access to his landlocked property under any of three theories: (1) the 1931 plat created a public easement, (2) the road easements in the deeds incorporating the 1931 plat created private easements, and (3) an implied easement of necessity.

■ Huning contended on appeal that Potts is precluded from raising a "private easement" claim on appeal because he failed to raise the argument at trial. The record reveals that Potts requested the District Court to conclude that the deeds, in conjunction with the plat, gave the purchasers from Old Spanish Grants, Inc. "mutual easements" for road purposes. Potts also properly challenged contrary conclusions on appeal. New Mexico law requires no more. See Supreme Court Rule 20 [§ 21–2–1 (20), N.M.S.A.1953, Repl.Vol. 4 (1970)]; *Barnett v. Cal M, Inc.*, 79 N.M. 553, 445 P.2d 974 (1968).

■ The contention as to "private easement" is dispositive. It is well-settled in New Mexico that if land is purchased under an agreement and representation that it will abut upon a street, existing or to exist by the terms of the deed, and the grantor owns the land to be so used, the grantor and his heirs are estopped to deny the existence of the street and the purchaser acquires a right of way over the land in question. *Nickson v. Garry*, 51 N.M. 100, 179 P.2d 524 (1947). This rule was broadened in *Cree Meadows, Inc. (NSL) v. Palmer*, 68 N.M. 479, 363 P.2d 1007 (1961), where this court stated that private rights to the use of land delineated in a subdivision plat exist independently of any public right that might exist by reason of a dedication, and that it is unimportant whether this rule is based on a theory of implied grant, implied covenant, or estoppel. This rule was approved and elaborated in *Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co.*, 77 N.M. 730, 735, 427 P.2d 249, 253 (1967), where we emphasized that:

[i]t is the use made of the plat in inducing the purchasers, which gives rise to the legally enforceable right in the individual purchasers, and such is not dependent upon a dedication to public use . . .

See also *Sedillo Title Guaranty, Inc. v. Wagner*, 80 N.M. 429, 457 P.2d 361 (1969). We hold that the plat filed of record on June 1, 1931, together with the express reservations in the deeds, created private easements of way so as to give Potts access to the lots in question.

The judgment of the trial court is reversed and it is ordered that judgment be entered in favor of Potts dissolving the injunction against him, and awarding him

**2.** Ch. 102, § 27, [1925] N.M.Laws 170.

access to his property in accordance with the easement reservations in the deeds from Old Spanish Grants, Inc. to that property as further detailed in the recorded plat referred to in the deeds. Potts shall be awarded his costs.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.