**William E. BALL, Appellant-Respondent,**

v.

**Blanche GROSS, Appellant-Respondent.**

**Nos. 38095, 38114.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 28, 1978.

Motion for Rehearing and/or Transfer Denied May 9, 1978.

Application to Transfer Denied
June 15, 1978.

Donald U. Beimdiek, St. Louis, for William Ball.

Blumenfeld, Kalishman, Marx, Tureen & Paster, P. C., Bruce M. Wurmser, Clayton, for Blanche Gross.

ALDEN A. STOCKARD, Special Judge.

On October 30, 1959, the owners of an undeveloped tract of land in St. Louis County, consisting of approximately 25 acres, conveyed to Blanche Gross, defendant herein, "a perpetual easement," 40 feet in width and described by metes and bounds, over and across said tract for "railroad purposes." The eastern terminus of the easement strip was the boundary of the right-of-way of the Chicago, Rock Island and Pacific Railroad Company. The deed provided that the easement was "exclusive" except the grantor of the easement had certain rights to use the railroad facilities if constructed. On July 16, 1971, by warranty deed, the corporation which had conveyed the easement to defendant conveyed title to the tract to plaintiff. No mention was made in the deed of the easement but it was of record.

Adjoining the 25 acre tract on the west is an undeveloped tract of approximately 5 acres. On December 28, 1959 title to that tract was acquired by Mary Virginia Loire, stipulated by the parties to have been a "straw party for defendant, Blanche Gross, and Edward Bakewell, Jr. being the real owners of the property described in said deed," who on the same day "acting pursuant to express instructions of Blance [sic] Gross and Edward L. Bakewell, Jr., conveyed to defendant and Edward L. Bakewell, Jr. a perpetual easement for railroad purposes." That easement strip, described by metes and bounds, joined the western terminus of the easement across the 25 acre tract. In 1962, acting pursuant to express instructions of defendant and Edward L. Bakewell, Jr., Loire conveyed title to the 5 acre tract to Eileen Weinstein, also stipulated by the parties to have been a "straw party" for "Blanche Gross and Edward L. Bakewell, Jr., who remained the real owners of the land described in said deed." On April 10, 1964, "acting pursuant to the express instruction of Blance [sic] Gross and Edward L. Bakewell, Jr." Weinstein conveyed title to the 5 acre tract to plaintiff by general warranty deed. No mention of the easement dated December 28, 1959 was made in the warranty deed. Subsequently, Edward L. Bakewell, Jr. assigned all his interest in the easement to defendant.

On October 3, 1973, plaintiff filed an action in two counts; the first of which was to quiet title to the 25 acre tract. Plaintiff prayed that the court adjudge and decree that "said easement rights [in the 25 acre tract] was extinguished by the merger of title to the dominant and servient estates relating to said easement." Count II was for damages based on the wrongful refusal of defendant "to remove" the easement from the records. Defendant filed a counterclaim in which she alleged that by reason of the deed dated December 28, 1959, she acquired a "perpetual easement for railroad purposes" across the 5 acre tract but that plaintiff "constructed a building and improvements in and over a portion of the easement aforesaid," which he refuses to remove. She prayed that plaintiff be required to remove the building and that he be enjoined from erecting further improvements on the area covered by the easement.

The judgment of the trial court was as follows: "Cause having been previously heard and submitted and the Court being advised in the premises finds in favor of the Defendant on Plaintiff's petition and finds in favor of the Plaintiff on Defendant's Counterclaim." Plaintiff and defendant have each appealed. We shall consider first the appeal by defendant.

■ Plaintiff points out that defendant has never used the easement, that she has no present plans for its future use, that she

owns no property with access to the easement strip, and that she testified that it was "possible" she would never build railroad facilities on the easement strip. He further points out that neither the terms of the purported easement nor the deed to him contains any restriction on the use of the land by the owner of the fee prior to the use of the easement strip for railroad purposes. These circumstances would justify the refusal of the trial court to issue the requested mandatory injunction. However, there is a more compelling reason why the judgment of the trial court was correct.

Although on December 28, 1959 record title of the 5 acre tract was in Mary Virginia Loire, by joint stipulation of the parties it is admitted she was a "straw party" only, and that the "real owners" were defendant and Edward L. Bakewell, Jr. It is further stipulated that "pursuant to express instructions" of defendant and Bakewell, Loire purported to convey to the "real owners" of the fee an easement over and across the land.

A "strawman" in real estate transactions has been described as a "mere conduit or medium for convenience in holding and passing title." *Van Raalte v. Epstein*, 202 Mo. 173, 99 S.W. 1077, 1079 & 1080 (1906). It is recognized that for various reasons corporations and individuals at times transact business affairs in the names of strawmen or nominees, *Merrill v. Davis*, 359 Mo. 1191, 225 S.W.2d 763 (1950), but the use of a straw party in real estate transactions is not of itself unlawful or fraudulent. *Benton v. Alcazar Hoetel Co.*, 352 Mo. 836, 180 S.W.2d 33 (1944). In this suit for an injunction, an action in equity, this court will disregard the function of a straw party and rule the issue on the basis that title to the fee was in defendant and Edward L. Bakewell, Jr., admitted by way of stipulation to be the "real owners."

In order to create an easement by deed there must be a dominant and servient estate, and "they must not be lodged in the same person." *Marshall v. Callahan*, 241 Mo.App. 336, 229 S.W.2d 730, 735 (1950); See also *Gardner v. Maffitt*, 335 Mo. 959, 74

S.W.2d 604 (1934); *State ex rel. Appel v. Hughes*, 351 Mo. 488, 173 S.W.2d 45, 48 (1943); *Bales v. Butts*, 309 Mo. 142, 274 S.W. 679 (1925); *Vossen v. Dautel*, 116 Mo. 379, 22 S.W. 734 (1893). The effect of the instrument dated December 28, 1959 from Loire to defendant and Edward L. Bakewell, Jr. was to attempt to create in the "real owners" of the 5 acre tract an easement of way over that tract, but "a man cannot have an easement over his own land." *Bales v. Butts*, supra. This is the universal rule. *Leasehold Estates, Inc. v. Fulbro Holding Co.*, 47 N.J.Super. 534, 136 A.2d 423 (1957); *Whelan v. Johnston*, 192 Miss. 673, 6 So.2d 300 (1942); *People ex rel. Department of Public Works v. Younger*, 5 Cal.App.3d 575, 86 Cal.Rptr. 237 (1970); *Gardner v Fliegel*, 92 Idaho 767, 450 P.2d 990 (1969); *Hidalgo County Water Control & Imp. Dist. No. 16 v. Hippchen*, 233 F.2d 712 (5th Cir. 1956); *Walker v. Witt*, 4 Ill.2d 16, 122 N.E.2d 175 (1954); *Coast Storage Company v. Schwartz*, 55 Wash.2d 848, 351 P.2d 520 (1960); *Stuart v. Lake Washington Realty Corporation*, 141 W.Va. 627, 92 S.E.2d 891 (1956); *Rocks v. Brosius*, 241 Md. 612, 217 A.2d 531 (1966); *Hayes v. Moreau*, 104 N.H. 124, 180 A.2d 438 (1962); *Scott v. Powers*, 140 Colo. 14, 342 P.2d 664 (1959). In equity an owner of land will not be permitted to accomplish by use of a straw party what he could not accomplish by direct action. No easement for railroad purpose was created in defendant and Edward L. Bakewell, Jr., and when at the direction of "real owners" Weinstein conveyed the fee to the 5 acre tract to plaintiff on April 10, 1964, without any reservation of interest, plaintiff received title to the tract unincumbered by any easement across it.

On May 13, 1964, over a month after the conveyance of the fee to plaintiff, defendant and Bakewell entered into a "Trackage Agreement" with plaintiff in which it was recited that defendant and Bakewell were the owners of a "perpetual easement for rail purposes" over the 5 acre tract, and they then "set forth the terms and conditions under which [plaintiff] may utilize the Easement." Defendant asserts

that by reason of this instrument plaintiff is estopped to deny the existence of the easement. We do not agree. There was no easement in existence, and this agreement did not create one. The "Trackage Agreement" purported to set forth the terms whereby plaintiff could make certain uses of a non-existing interest in land of which plaintiff owned the complete fee. Defendant has not taken any action to her detriment in reliance on the "Trackage Agreement," and in order for it to operate as an estoppel "there must have been some definite act on the part of the party claiming the estoppel, in reliance on the representation of the estopped party, which has changed his condition for the worse. He must have suffered a legal detriment." *State on Inf. of McKittrick, Atty. Gen. ex rel. City of California v. Missouri Utilities Co.,* 339 Mo. 385, 96 S.W.2d 607, 615, 106 A.L.R. 1169 (1936); *Commerce Trust Company v. Weed,* 318 S.W.2d 289, 303 (Mo. 1958); *Klaar v. Lemperis,* 303 S.W.2d 55 (Mo.1957).

The trial court properly found for plaintiff on defendant's counterclaim.

■ The judgment in a suit to quiet title pursuant to Rule 93.01 is essentially a declaratory judgment, and the court has the duty to make a declaration of rights regardless of which party is entitled to it. *Evans v. Brussel,* 300 S.W.2d 442 (Mo.1957). The judgment in this case does not comply with the Rule. See *Stottle v. Brittian,* 459 S.W.2d 310 (Mo.1970); *Lazare v. Hoffman,* 444 S.W.2d 446 (Mo.1969); *Pitts v. Pitts,* 388 S.W.2d 337 (Mo.1965). In his brief plaintiff recognizes the insufficiency of the judgment, but urges that we review the record, make our own findings of fact and reach conclusions of law, and then direct the entry of the judgment that should have been entered by the trial court.

The 25 acre tract was conveyed to Carondelet Foundry by the then owner of the fee pursuant to an agreement between defendant and Carondelet whereby, in consideration of defendant assigning to Carondelet her contract to purchase said tract, Carondelet was to convey a "perpetual easement for railroad purposes" across the land to defendant. At that time defendant did not own or have any interest in the 5 acre tract. However, she and Bakewell later acquired the fee of the 5 acre tract, albeit the record title was in a straw party. She then attempted to convey to herself and Bakewell an easement for railroad purposes across the northern 40 feet of the 5 acre tract, but for the reasons previously set out we have ruled that no such easement ever came into existence. Defendant and Bakewell then conveyed to plaintiff the fee to the 5 acre tract by warranty deed without reserving any interest therein in the form of an easement or otherwise.

We have this situation: Defendant has an easement for "railroad purposes" across the 25 acre tract which is owned by plaintiff, but defendant does not own or have any interest in any land permitting access to the easement strip. It is impossible to use the easement strip for the purpose it was granted except by the consent of plaintiff, and plaintiff seeks to have the easement abolished.

We have not found another case with a comparable factual situation but we believe by analogy the rule pertaining to willful abandonment should apply.

■ An easement created by grant, as this one was, is not extinguished by mere nonuser however extended the period of nonuser may be, *Dalton v. Johnson,* 320 S.W.2d 569 (Mo.1959), but such an easement may be extinguished by abandonment, and if "the nonuser [is] accompanied by conduct of the owner of the easement definitely evincing an intention to surrender the right, the easement is extinguished." 25 A.L.R.2d at p. 1279. Also, an easement granted for a particular purpose terminates as soon as such purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment. 28 C.J.S. Easements § 54a. In this case, defendant may not have intended the result of her actions, but she is bound by the legal effect of those actions whether actually intended or not. As a matter of law her attempt to create in herself and Bakewell an easement over land

of which they were the "real owners" was of no effect, and her subsequent voluntary conveyance to plaintiff of the total fee to the 5 acre tract resulted in her having no access to the easement strip (except the eastern terminus) except over land owned by and under the complete control of plaintiff. Without the consent of plaintiff the use by defendant of the easement strip for "railroad purposes" is an impossibility, and this situation was brought about by the voluntary act of defendant. Under these circumstances the easement has, as a matter of law, been abandoned and should be declared to be extinguished.

The judgment as to defendant's counterclaim is affirmed. The judgment as to Count I of the petition is reversed and the cause remanded for the entry of a judgment consistent with the views here expressed, and as to Count II of the petition the cause is remanded for appropriate disposition.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.