This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ARTHUR FIRSTENBERG,**

    Plaintiff-Appellant/Cross-Appellee,

v.                                    **NO. A-1-CA-36151**

**ROBIN LEITH,**

    Defendant-Appellee/Cross-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Arthur Firstenberg
Santa Fe, NM

Pro Se Appellant/Cross-Appellee

Stiff, Keith & Garcia, LLC
Ann L. Keith
Justin D. Goodman
Albuquerque, NM

for Appellee/Cross-Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff appeals, and Defendant cross-appeals, the district court's decision in this civil case. We issued a notice of proposed summary disposition proposing to affirm on both the appeal and the cross-appeal, and Plaintiff has responded with a memorandum in opposition. Defendant did not respond to the proposed disposition. We have carefully considered Plaintiff's memorandum but continue to believe that affirmance is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we affirm.

{2}     We note first that Plaintiff has clarified that the only meter at issue in this appeal is his electric meter, and that the gas meter is not involved. [MIO 5] As to the merits, in response to our notice, Plaintiff argues only one issue in his memorandum in opposition—whether the district court had discretion to relocate the implied easement for the electric meter. In the notice we pointed to language in two different New Mexico cases that seems to provide district courts with equitable power over easements. *Sedillo Title Guar., Inc. v. Wagner*, 1969-NMSC-087, ¶ 19, 80 N.M. 429, 457 P.2d 361; *Sanders v. Lutz*, 1989-NMSC-076, ¶ 15, 109 N.M. 193, 784 P.2d 12. Plaintiff argues that our citations to these cases was inapposite because they are both distinguishable. For example, he points out that in *Sedillo*, the owner of the easement consented to relocation of the easement. [MIO 4] He also points out that *Sanders* involved interpretation of an easement's terms, not relocation of the easement. [Id. 4-5]

{3}     We agree with Plaintiff that the facts and circumstances in *Sedillo* and *Sanders* are different than those of this case. However, we did not cite those cases as directly controlling, but merely as stating general principles of law—that courts have equitable power over easements, and specifically have the power to relocate easements in limited, special circumstances. There is considerable dispute in case law around the country concerning the existence of this power; in 2002, for example, one court opined that the majority position is to the contrary. *MacMeekin v. Low Income Hous. Inst.*, 45 P.3d 570, 575-76 (Wash. App. 2002). However, the Restatement (Third) of Property (Servitudes) § 4.8(3) (2000) takes the position that an easement may be relocated, even by the servient owner and not necessarily a court, if the changes do not significantly lessen the utility of the easement, increase the burdens on the owner of the easement, or frustrate the purpose for which the easement was created. Many courts around the country have adopted this more modern position, including among others courts in Colorado, Illinois, Massachusetts, Utah, and Vermont. *See, e.g.*, *Roaring Fork Club, L.P. v. St. Jude's Co.*, 36 P.3d 1229, 1235-37 (Colo. 2001) (noting that "inflexible notions of dominant and servient estates do little to advance [the] accommodation" of competing uses between two interested owners, and adopting the Restatement position described above); *527 S. Clinton, LLC v. Westloop Equities, LLC*, 932 N.E.2d 1127, 1138 (Ill. App. Ct. 2010); *M.P.M. Builders LLC v. Dwyer*, 809 N.E.2d 1053, 1056-57 (Mass. 2004); *Hubble v. Cache Cnty. Drainage Dist No. 3*, 259

3

P.2d 893, 896 (Utah 1953); *Roy v. Woodstock Cmty. Trust, Inc.*, 2013 VT 100A, ¶ 24, 195 Vt. 427, 94 A.3d 530 (2014). This Court has found the Restatement of Property to be persuasive authority in the easement context and has followed its provisions. *See, e.g.*, *Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 45, 350 P.3d 1205; *Burciaga Segura v. Van Dien*, 2015-NMCA-017, ¶¶ 10-11, 344 P.3d 1009. And the Supreme Court, as we have stated, recognized a court's equitable authority to relocate an easement in the *Sedillo* case. We therefore reject Plaintiff's contention that a court categorically cannot relocate an easement over the objections of the dominant estate owner.

{4}     In this case there is no indication that relocation of the electric meter to the other side of Defendant's house interferes at all with Plaintiff's use of the meter. In fact, Plaintiff concedes as much in his memorandum in opposition by stating that he "never has a need to read" the meter. [MIO 6] This concession, standing alone, could provide an alternate reason to affirm—the apparent lack of any possible harm to Plaintiff as a result of moving the meter makes this issue a "mere trifle" that should not result in reversal. *See, e.g.*, *Amkco, Ltd. v. Welborn*, 2001-NMSC-012, ¶ 15, 130 N.M. 155, 21 P.3d 24 (pointing out that under the de minimis rule, a venerable legal maxim, equity will not involve itself with mere trifles). Be that as it may, the district court in its discretion decided that the electric meter could be moved, and no abuse of

4

that discretion has been demonstrated here. We therefore affirm the district court on this issue.

{5}     Based on the foregoing as well as the discussion in our notice of proposed summary disposition, we affirm the district court's decision in its entirety.

{6}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**STEPHEN G. FRENCH, Judge**


_____

**HENRY M. BOHNHOFF, Judge**